**CASTON SCHOOL CORPORATION, Plaintiff,**

**and**

**Caston Classroom Teachers Association, Appellant,**

**v.**

**Russell B. PHILLIPS, Jr., Appellee.**

No. 25A03–9609–CV–326.

Court of Appeals of Indiana.

Dec. 15, 1997.

Richard J. Darko, Mark T. Dabertin, Lowe Gray Steel & Darko, Indianapolis, for Appellant.

Jere L. Humphrey, Harold L. Wyland, Kizer & Neu, Plymouth, for Appellee.

D. Michael Wallman, Rund & Wunsch, Indianapolis, for Amicus Curiae the Indiana Association of School Principals.

## OPINION

HOFFMAN, Judge.

The Caston Classroom Teachers Association appeals the trial court's determination that former Caston School Corporation[1] principal, Russell B. Phillips, Jr., is entitled to permanent teacher seniority as provided in the collective bargaining agreement incorporated into his contract and as evidenced by a seniority list generated by the School Corporation. The evidence relevant to the appeal is recited below.

From August 1978 through June 1995, Phillips served as principal of the Caston Elementary School. In June 1994, the Caston School Board voted unanimously to terminate for cause Phillips' principal's contract. After a three-member arbitration panel determined that none of the 33 charges brought against Phillips were supported, the Board then notified Phillips that his principal's contract would not be renewed after its expiration on June 30, 1995. The School Corporation claimed that allowing Phillips to return to a regular classroom teacher position would require a reduction-in-force (RIF) of a teacher with less seniority. The Teachers Association complained that, as an administrator, Phillips had not acquired the seniority for RIF purposes that regular classroom teachers accrue.

Each year starting in 1978 when Phillips began working as a principal, through 1995 when the Board decided not to renew his contract, Phillips and the School Corporation entered into a regular teacher's contract which incorporated the benefits to teachers under the collective bargaining agreement. A seniority list, which was tendered each year beginning approximately January 1991, had listed Phillips through January 1995, as

1. The Caston School Corporation instituted these proceedings by requesting a declaratory judgment; however, it is not a party to this appeal.

having the years of seniority figured from his August 1978 start date. In January 1995, Phillips was credited with 16 years of seniority.

The president of the Teachers Association complained that Phillips as a principal should not have teacher seniority. In February 1995, a revised list was tendered. Phillips' name had been removed.

In February 1995, the School Corporation filed an action for a declaratory judgment to determine issues concerning non-renewal of Phillips' principal's contract and his seniority rights. In February 1996, a trial, without the intervention of a jury, was held. At the trial, the Teachers Association stated unequivocally that its only interest in the proceedings was the determination of Phillips' seniority for RIF purposes.

On May 21, 1996, the trial court entered its findings of fact and conclusions of law. The trial court separated its findings and conclusions as to the seniority rights and the separate issues of the termination and/or non-renewal of Phillips' principal's contract. As noted above, this appeal by the Teachers Association concerns only seniority rights acquired by Phillips for RIF purposes. In relevant part, the trial court determined:

1. Russell Phillips has served as Principal of the Caston Elementary School from 1978 to June 1995. In doing so, he has entered into contracts and pursuant to I.C. 20–6.1–4–9, he achieved status as a permanent teacher.

2. Each contract signed by Defendant Phillips was a Regular Teacher's Contract, I.C. 20–6.1–4–17.1. Additionally, each contract had a provision in it which stated:

It is agreed by the parties hereto that any agreements arrived at under the terms of Public Law 217 of the Acts of 1973 and the Acts supplemental thereto and amendatory thereof, commonly known as the Collective Bargaining law between school corporation and their certified employees, shall be construed to be a part of this contract.

\*    \*    \*    \*    \*    \*

6. ... The Court further finds that except for the salary stipulated in the contract recognizing Defendant Phillips' administrative capacity, benefits of the master contract between the School Corporation and the Association were incorporated into Defendant Phillips' contract pursuant to the contract provision previously set forth.

\*    \*    \*    \*    \*    \*

8. The Court further finds that Seniority Lists that were established pursuant to the Collective Bargaining Agreement were published at the following times with Defendant Phillips being listed as having the number of years seniority indicated:

[Items A through H listed: A. January 1, 1991—12 years through H. February 1, 1995—16 years]

9. The Court also finds that no objection was made to the Seniority List until February of 1995 when the president of the Caston Classroom Teachers' Association, Marilyn Pace, field a grievance.

10. In response to said grievance, the Superintendent, Paul Baker, granted the grievance and removed Mr. Phillips, and the other administrators, who had also been listed on the Seniority List, from the Seniority List.

Based upon *inter alia* the above findings, the trial court found that the terms of the collective bargaining agreement became a part of each contract between Phillips and the School Corporation, thereby vesting Phillips' seniority rights. The court found that the seniority rights granted by the contracts Phillips negotiated for with the School Corporation are protected by statute and could not be abridged by a later agreement between the School Corporation and the Teachers Association. The trial court also determined that the Teachers Association had waived any objection to the seniority list by failing to challenge the administrators' listed seniority prior to February 1995.

■ This appeal by the Teachers Association ensued. The School Corporation has not pursued an appeal. Any matters not directly

relevant to Phillips' seniority status for RIF purposes are not presented in this appeal. As restated, the Association raises one issue for review: whether the trial court erred in determining that, as a principal, Phillips acquired the years of seniority for RIF purposes that would have accrued to a permanent teacher.

■ When the trial court enters special findings of fact and conclusions of law, this Court employs a two-tiered standard of review. *Edward D. Jones & Co. v. Cole*, 643 N.E.2d 402, 405 (Ind.Ct.App.1994). First we determine whether the findings support the judgment and then whether the conclusions of law and resulting judgment are clearly erroneous based on the facts as set forth by the trial court. *Id.*

The thrust of the Association's argument appears to be that administrators are specifically excluded from the terms and benefits granted teachers within the collective bargaining agreements. Phillips contends and the trial court found that the contracts signed by Phillips specifically incorporated the terms of the collective bargaining agreement. Thus, even though the Association may not have intended to offer administrators the benefits accorded permanent teachers, the contracts entered into between the School Corporation and Phillips did just that.[2]

The tenure and contract provisions of IND. CODE § 20–6.1–1–8 (1993 Ed.) defines "teacher" as:

> a professional person whose position in the school corporation requires certain teacher training preparations and licensing. The term includes, but is not limited to, any superintendent, supervisor, *principal,* attendance officer, teacher, or librarian. [Emphasis added.]

IND. CODE § 20–6.1–4–17.1 (1993 Ed.) states:

**Principal and assistant principal contracts; conditions**

A contract of employment shall be entered into between the governing body of the school corporation and a principal or assistant principal subject to the following conditions:

> (1) The basic contract shall be the regular teacher's contract as prescribed by the state · superintendent of public instruction.
>
> (2) The minimum term of the initial contract shall be the equivalent of two (2) school years; provided, however, that the term of such contract may be greater than two (2) years.
>
> (3) Such contract may be altered or modified or rescinded in favor of a new contract at any time by mutual consent of the governing body of the school corporation and the principal or assistant principal, provided such contract when reduced to writing is not inconsistent with provisions of this chapter.

The Association looks to the collective bargaining statutes in which principals are defined as "supervisors" and certificated full-time personnel are specifically not principals. IND. CODE § 20–7.5–1–2 (1993 Ed.). The chapter does not distinguish between "teachers" and "principals." *Id.* Thus, principals are not covered by the collective bargaining procedures.

Therefore, according to the Association, principals are exempt from the collective bargaining unit and cannot reap the benefits bargained for between the Association and the School Corporation on behalf of teachers.

■ IND. CODE § 20–6.1–4–17.1 requires school corporations to use a regular teacher's contract as the basis for a principal's contract. *See also Murray v. Monroe-Gregg School Dist.,* 585 N.E.2d 687, 690 (Ind.

---

**2.** The Associations' teachers have an interest in not allowing principals or administrators to move into the ranks of the classroom teacher, thereby displacing a teacher through a RIF. Yet, as done here, a School Corporation should be able to offer principals the same benefits accorded teachers by incorporating into the principals' contracts the collective bargaining agreement applicable to permanent teachers.

Ct.App.1992). However, the statute allows alterations to the contract which are not inconsistent with the chapter. Notwithstanding the ability to alter the regular teacher's contract when used for a principal, the School Corporation did not do so. The contracts signed by Phillips and the School Corporation unequivocally and unambiguously accorded Phillips the benefits and rights contained in the collective bargaining agreements. When the terms of an employment agreement are unambiguous, the court construes the agreement as a matter of law. *Id.* at 691.

In addition to the definite nature of the contracts, the tenure statutes applicable to teachers and principals explicitly define principals as teachers. In the context of an issue addressing tenure and seniority, the Association cannot interject the less specific references to principals in the collective bargaining statutes to defeat the explicit terms of the tenure statutes. *Id.* at 690 ("a more detailed and specific statute prevails over a more general one when the two conflict").

The Association raises other sub-issues. The Association contends that the non-renewal of Phillips' contract as a principal did not then allow him a teacher's contract. It is undisputed that a school corporation need not offer a teacher's position to a terminated or non-renewed principal. However, Phillips' seniority status does not hinge upon a new contract as a teacher. He was accorded the seniority rights of a permanent teacher from 1978 through at least 1995, based upon the contracts he signed with the School Corporation. Once he performed under those contracts, the rights were vested. As noted by the trial court, the seniority lists were further evidence of the vested nature of Phillips' seniority.

The trial court's judgment is supported by the findings which are, in turn, supported by the evidence in the record.

Affirmed.

STATON and ROBERTSON, JJ., concur.